GRETZINGER v EQUITABLE LIFE ASSURANCE SOCIETY

Docket No. 90766. Submitted October 1, 1986, at Marquette. Decided April 6, 1987.

Plaintiff, John Gretzinger, Jr., suffered a disability and began collecting periodic group disability benefits under a group disability policy with defendant, Equitable Life Assurance Society. Plaintiff also filed a workers' compensation claim. Plaintiff then agreed to redeem his workers' compensation claim and settled for a lump sum payment of $50,000. Defendant thereafter reduced the amount of plaintiff's monthly benefit until a setoff was achieved of the $13,579 which the redemption order had allocated to nonmedical recovery. Plaintiff then brought an action in the Roscommon Circuit Court seeking recovery of the funds defendant had set off. Defendant filed a motion for summary judgment asserting that the setoff was permitted under the terms of plaintiff's group disability policy. The trial court, Carl L. Horn, J., granted defendant's motion and entered an order accordingly. Plaintiff appeals.

The Court of Appeals *held:*

1. The benefits plaintiff received were authorized by the Bureau of Workers' Disability Compensation and thus were received under a government "program or coverage required or provided by law." The contract's setoff language does not require that the benefits be for an injury which arose out of or in the course of plaintiff's employment. The contract states only that the recipient be "eligible" to receive benefits under a government program. The fact that plaintiff received benefits under the workers' compensation program is sufficient proof that he was eligible to receive such benefits. The fact that plaintiff received benefits as a result of a redemption agreement, rather than as a result of an administrative hearing in which liability was determined factually, does not mean that plaintiff did not receive benefits under a government program.

2. There is no ambiguity in the contractual language "any

REFERENCES

Am Jur 2d, Workers' Compensation §§ 364, 365.

See the annotations in the Index to Annotations under Workers' Compensation.

governmental agency or program or coverage required or provided by law." Workers' compensation clearly falls within this provision.

Affirmed.

1. WORKERS' COMPENSATION — BENEFITS — INSURANCE — SETOFFS.

Benefits received by a plaintiff which were authorized by the Bureau of Workers' Disability Compensation may be determined to be received under a government program or coverage required or provided by law under an insurance policy provision which reduces the insured's maximum monthly benefit by any benefits which the insured is eligible to receive as a periodic benefit for disability under any governmental agency or program or coverage required or provided by law.

2. WORKERS' COMPENSATION — BENEFITS — REDEMPTION AGREEMENTS.

The fact that a plaintiff received workers' compensation benefits as a result of a redemption agreement, rather than as a result of an administrative hearing in which liability was determined factually, does not mean that the plaintiff did not receive benefits under a government program, namely the Workers' Disability Compensation Act (MCL 418.835; MSA 17.237[835]).

*Rensberry, Kaufman, Nelson, Petruska & Allen, P.C.* (by *Charles W. Simon III*), for plaintiff.

*Hess & Hess* (by *Scott L. Hess*), for defendant.

Before: DANHOF, C.J., and ALLEN and CYNAR, JJ.

PER CURIAM. Plaintiff appeals from an order of the Roscommon Circuit Court which held that defendant, Equitable Life Assurance Society, was entitled to deduct from the group disability benefits it was paying plaintiff the nonmedical recovery amount plaintiff had received from the redemption of his worker's compensation claim.

Plaintiff is an insured under a group disability policy with defendant. Sometime in 1981, plaintiff suffered a disability and began collecting periodic group disability benefits from defendant. In July, 1981, plaintiff also filed a workers' compensation claim. However, as plaintiff states in his appellate

brief, he was concerned that he would be unable to prove that his disability arose out of and in the course of his employment. Plaintiff therefore agreed to redeem his claim and settled for a lump sum payment of $50,000. The redemption agreement was approved by the hearing referee and the proceeds were allocated as follows: $6,421 to plaintiff's attorney, $30,000 for medical expenses and $13,579 "directly to the plaintiff, being the balance."

After plaintiff redeemed his workers' compensation claim, defendant reduced the amount of plaintiff's monthly benefit until a setoff was achieved of the $13,579 which the redemption order had allocated to nonmedical recovery. Defendant asserted that the setoff was permitted under the terms of plaintiff's group disability policy, which provided in part:

> Your maximum monthly benefit will be reduced by any benefits you are eligible to receive:
>
> *   *   *
>
> (d) As a periodic benefit for disability under:
>
> *   *   *
>
> (ii) Any governmental agency or program or coverage required or provided by law.
>
> *   *   *
>
> If a single sum payment is made as a commutation of, or substitute for, any periodic benefits or payments referred to under "Income from other sources", such payment shall be deemed to have been made in the amounts and for the period which would have been applicable in the absence of such single sum payment.

On January 14, 1985, plaintiff filed a complaint in Roscommon Circuit Court seeking recovery of the funds defendant had setoff. Defendant filed a

motion for summary judgment based upon the policy language of the group disability plan. The circuit court granted defendant's motion in an order entered January 24, 1986. Plaintiff appeals.

On appeal, plaintiff raises essentially two arguments. First, plaintiff argues that the $13,579 amount he received as nonmedical recovery does not fall within the policy exclusion upon which defendant relies. Plaintiff argues that the redemption agreement is neither a finding of fact nor an admission of liability, citing *Solo v Chrysler Corp (On Rehearing)*, 408 Mich 345; 292 NW2d 438 (1980). In other words, plaintiff argues that there has never been a decision that plaintiff was *entitled* to receive workers' compensation benefits because there was no factual determination that his injury arose out of or in the course of his employment. Therefore, plaintiff argues that there was no evidence that the redemption money was "provided by a 'governmental agency or program.' "

This argument is without merit. The benefits plaintiff received were authorized by the Bureau of Workers' Disability Compensation and therefore were received under a government "program or coverage required or provided by law." The contractual language does not require that the benefits be for an injury which arose out of or in the course of his employment. The contract states only that the recipient be "eligible" to receive benefits under a government program. The fact that plaintiff received benefits under the workers' compensation program is sufficient proof that he was "eligible" to receive such benefits. The fact that plaintiff received benefits as a result of a redemption agreement, rather than as a result of an administrative hearing in which liability was determined factually, does not mean plaintiff did not receive benefits under a government program. The redemption

provision, MCL 418.835; MSA 17.237(835), is located within the Workers' Disability Compensation Act and is an integral part of it.

Next, plaintiff argues that the contractual language "[a]ny governmental agency or program or coverage required or provided by law" is ambiguous and ought to be construed against the insurer. We find no ambiguity. Workers' compensation clearly falls within this provision.

Affirmed.